United States District Court
Southern District of Texas
FILED

MAR 3 1 2023

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
March 31, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| **EMMANUEL LOPEZ,** § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:22-CV-0348 |
| § | |
| **EDDIE GARZA, DIRECTOR** § | |
| **OF THE TEXAS DEPARTMENT** § | |
| **OF CORRECTIONS,** *et al.,* § | |
| § | |
| Defendant. § | |

## REPORT AND RECOMMENDATION

Plaintiff EMMANUEL LOPEZ brings this action seeking redress for alleged violations of his constitutional rights during the period of his pretrial detention at the Hidalgo County Adult Detention Center. Pending now are Plaintiff's motion for entry of default (Dkt. No. 19) and motion for default judgment (Dkt. No. 21) (collectively, the "Motions for Default") directed against the named defendants. The Motions for Default are premature insofar as an application by Plaintiff to proceed in forma pauperis under 28 U.S.C. § 1915 of the Prison Litigation Reform Act ("PLRA") is pending and the complaint has yet to be served.

This matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). After review of the record and the relevant law, the Magistrate Judge RECOMMENDS that the Motions for Default (Dkt. Nos. 19, 21) be DENIED.

### I. BACKGROUND

At the time that he filed the complaint in this case in September of 2022, Plaintiff was being held in pre-trial detention at the detention center.

On October 6, 2022, the Magistrate Judge issued an order requiring that Plaintiff either: (1) pay the civil action filing fee associated with bringing a civil action as generally required by 28 U.S.C. § 1914; or (2) file an application to proceed in forma pauperis, together with the necessary documentation, as otherwise specified by § 1915. (Dkt. No. 4). Plaintiff was advised that, pursuant to the PLRA, an application to proceed in forma pauperis must include an affidavit asserting the prisoner's inability to pay the filing fee and stating the prisoner's belief that they are entitled to relief, 28 U.S.C. § 1915(a)(1), as well as a certified copy of the prisoner's trust fund account statement "for the 6-month period immediately preceding the filing of the complaint" from any institutions where the prisoner has been confined, *id.* § 1915(a)(2).

Plaintiff submitted an application to proceed in forma pauperis, which consisted of an affidavit of indigency but no trust fund statement. (*See* Dkt. No. 7).

On October 21, 2022, the Magistrate Judge afforded Plaintiff another opportunity to obtain and submit the trust fund statement, ordering that he do so within thirty days. (Dkt. No. 13).

Plaintiff proceeded to file several letters addressing his inability to obtain a trust fund account statement from institutional officials. (*See* Dkt. Nos. 15, 16). Plaintiff also filed several pre-trial motions, including the Motions for Default. (*See* Dkt. Nos. 17, 19, 20, 21, 22). Apart from that, Plaintiff filed a letter advising of his imminent release from pre-trial detention and stating his intent to visit the Clerk's Office to update his contact information. (Dkt. No. 23).

On December 16, 2022, the Magistrate Judge ordered Plaintiff to submit an updated in forma pauperis application that explained any new sources of income since his release from detention. (Dkt. No. 24). Considering his stated intent to personally visit the Clerk's Office, the Clerk of Court was directed to provide Plaintiff with the order upon request. (*Id.* at 1-2).

The Magistrate Judge also issued an order addressing several of Plaintiff's pre-trial motions. (Dkt. No. 25). Through that order, the Magistrate Judge advised that the Motions for Default were premature insofar as Plaintiff's in forma pauperis application was still under review and the complaint had yet to be served on the defendants. (*Id.* at 2). Plaintiff was thus ordered to submit, within thirty days, either (1) a letter advising that he was voluntarily withdrawing the Motions for Default, or (2) a brief showing good cause why the motions should not be denied. (*Id.*). Plaintiff was warned that if he did not withdraw the Motions for Default or otherwise show good cause, the Magistrate Judge would recommend to the District Judge that they be denied. (*Id.*). The Clerk was directed to provide Plaintiff with a copy of the order on request. (*Id.*).

Just over thirty days later, on January 17, 2023, the Clerk of Court received a letter from Plaintiff whereby he provided an updated residential address. (*See* Dkt. No. 28).

On February 14, 2023, the Magistrate Judge issued another order that Plaintiff file an updated in forma pauperis application and submit either a letter advising of his voluntary withdrawal of the Motions for Default or a brief showing good cause why they should not be denied. (Dkt. No. 29). Compliance was ordered within thirty days. (*Id.* at 2). Once again, Plaintiff was warned that if he did not withdraw the motions or otherwise show good cause, the Magistrate Judge would recommend their dismissal. (*Id.*). The Clerk was directed to mail Plaintiff a copy of the order to his updated address. (*Id.*).

Now, more than thirty days have elapsed, but Plaintiff has provided neither notice of withdrawal nor briefing in support of good cause.

Left pending are the matters of Plaintiff's request to proceed in forma pauperis and the service of the complaint.

## II. DISCUSSION

The filing of a civil action in federal court generally requires the advance payment of a statutory filing fee (plus administrative fees). 28 U.S.C. § 1914. Advance payment may be waived, however, where a plaintiff meets the in forma pauperis requirements of 28 U.S.C. § 1915(a)(1), including the requirement that the plaintiff submit an affidavit indicating their inability to pay the filing fee. The affidavit requirement applies to both prisoners and non-prisoners alike. *See* 28 U.S.C. § 1915(a)(1); *see also Hayes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997).

Once in forma pauperis status is granted, the court may allow the issuance of process, which is served by the court's officers. *See id.* § 1915(d). Should process be served and the defendant fail to plead or defend, only then may the clerk enter the defendant's default under Rule 55(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 55(a). The clerk may also enter default judgment under Rule 55(b)(1) if the claim is for a sum certain or a sum that can be made certain by computation. *See* Fed. R. Civ. P. 55(b)(1). Otherwise, the plaintiff must apply for a default judgment under Rule 55(b)(2), which initiates proceedings to determine matters like the amount of damages. *See* Fed. R. Civ. P. 55(b)(2).

Here, the Motions for Default are premature because Plaintiff's in forma pauperis application is still pending, such that the named defendants have yet to be served with process.

## III. CONCLUSION

After review of the record and relevant law, the Magistrate Judge RECOMMENDS that the Motions for Default (Dkt. Nos. 19, 21) be DENIED.

### *Notice to the Parties*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed.

R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

### *Directive to Clerk of Court*

The Clerk of Court is DIRECTED to forward a copy of this report to the parties by any receipted means.

DONE at McAllen, Texas this 31st day of March 2023.

J. SCOTT HACKER
United States Magistrate Judge