United States District Court
Southern District of Texas
**ENTERED**
January 08, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| EMMANUEL LOPEZ, | § | |
|    Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | **CIVIL ACTION NO. 7:22-CV-0348** |
| EDDIE GARZA, DIRECTOR | § | |
| OF THE TEXAS DEPARTMENT | § | |
| OF CORRECTIONS, *et al.*, | § | |
|    Defendant. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is Plaintiff Emmanuel Lopez's civil rights action, which had been referred to the Magistrate Court for a report and recommendation. On November 30, 2023, the Magistrate Court issued the Report and Recommendation, recommending that Plaintiff's claims be **DISMISSED** without prejudice for the failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[1] The time for filing objections has passed and no objections have been filed.

Pursuant to Federal Rule of Civil Procedure 72(b), the Court has reviewed the Report and Recommendation for clear error.[2] Finding no clear error, the Court adopts the Report and Recommendation in its entirety. Accordingly, Plaintiff's civil rights action is **DISMISSED** without prejudice for the failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and this case is **CLOSED**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 8th day of January 2024.

_____
Micaela Alvarez
Senior United States District Judge

---

[1] Dkt. No. 43.

[2] As noted by the Fifth Circuit, "[t]he advisory committee's note to Rule 72(b) states that, '[w]hen no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Douglas v. United States Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996) (quoting Fed. R. Civ. P. 72(b) advisory committee's note (1983)) *superseded by statute on other grounds by* 28 U.S.C. § 636(b)(1), *as stated in ACS Recovery Servs., Inc. v. Griffin*, No. 11-40446, 2012 WL 1071216, at *7 n. 5 (5th Cir. April 2, 2012).